IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-48 |
| | ) | (VARLAN/SHIRLEY) |
| MIGUEL MEDINA MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Government's Motion to Reopen Suppression Hearing [Doc. 195], filed on November 3, 2008. The government asks the Court to exercise its discretion to reopen the November 3, 2008 suppression hearing to permit it to introduce evidence of the wiretap investigation in this case. It maintains that the defendant did not raise the issue of whether the wiretaps provided probable cause in his suppression motion but, instead, first raised the issue at the suppression hearing, where he contended that the government's witness lacked personal knowledge of the defendant's involvement in the conspiracies. The government contends that because it had no notice that this issue would be raised, it did not provide testimony on this evidence at the suppression hearing.

1

The defendant filed a one and one-half page Motion to Suppress Warrantless Search and Seizure [Doc. 158] on August 29, 2009, alleging minimally that evidence arising from the warrantless search of his person and his vehicle should be suppressed because he was arrested without probable cause. The parties appeared on the morning of November 3, 2008, for an evidentiary hearing on the motion. The government called Special Drug Enforcement Agent Michael Davis, who testified about his arrest of the defendant on May 11, 2008. In summary, Agent Davis testified that on that date, he went to the Los Arcos Dance Club to execute a search warrant. After he arrived but before the search warrant was executed, the defendant drove into the parking lot. Davis called Agent Bubba Poston, the case agent who supervised the wiretap investigation in this case, and asked whether he should arrest the defendant. Poston told him that he would call back after consulting with the Assistant United States Attorney. A short while later, Poston called again and told Davis to arrest the defendant. On cross-examination, Davis testified that his sole basis for arresting the defendant was that Poston told him to do so. Defense counsel argued that Agent Davis's basis for arresting the defendant–that Poston told him to do so–did not provide probable cause for the defendant's arrest.

The government argues that the defendant's skeletal suppression motion did not put it on notice of the issue regarding whether Agent Davis had personal knowledge of the probable cause supporting the defendant's arrest. It asks to reopen the suppression hearing so that it can present testimony on this issue. The question of whether to reopen a suppression hearing is entrusted to the Court's discretion. United States v. Lawrence 308 F.3d 623, 627 (6th Cir. 2002); see also United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004) (observing that a trial court's ruling on whether to reopen a suppression hearing is reviewed "for an abuse of discretion"), jmt vacated on other gnds

2

Carter v. U.S., 543 U.S. 1111 (2005). A court should be reluctant to grant the reopening of a suppression hearing. Id. Factors relevant to a court's exercise of its discretion in this regard are whether the party opposing the reopening would suffer prejudice if the hearing were reopened and whether the party seeking to reopen provided a "'reasonable explanation'" for its failure to present the evidence at the initial hearing." Id. (quoting United States v. Kithcart, 218 F.3d 213, 220 (6th Cir. 2000).

In the present case, the Court finds that the government has given a reasonable explanation for its failure to present the evidence in question at the November 3 suppression hearing. The Court agrees that the defendant's motion to suppress is bare bones. The defendant's total allegation with regard to the probable cause issue is as follows:

> On May 11, 2008, law enforcement agents made a warrantless seizure and arrest of the Defendant. Said law enforcement agents then proceeded to search the Defendant's vehicle and seized certain items found in the vehicle. Neither the seizure and arrest of the Defendant nor the search of the Defendant's vehicle were supported by warrant or probable cause.

While the defendant does raise the issue of the sufficiency of probable cause, he does not specifically challenge the arresting officer's knowledge of information from the wiretaps.

With regard to prejudice to the defendant from reopening the hearing, the Court would note that the defendant has not opposed the reopening of the hearing. Local Rule 7.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee states that the "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." Accordingly, the Court deems that the defendant does not oppose a reopening of the suppression hearing and would sustain no prejudice therefrom. Thus, in consideration of the reasonable explanation provided by the government and the lack of opposition by the defendant, the Court will permit the suppression

3

hearing to be reopened for the limited purpose of receiving evidence on the probable cause issue. The Government's Motion to Reopen Suppression Hearing [**Doc. 195**] is **GRANTED**. The Court will discuss dates for this hearing at the pretrial conference on **November 20, 2008, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge